UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RACHEL SMITH and JASON SMITH,

    Plaintiffs,

v

NATIONWIDE COLLECTION
AGENCIES, INC., d/b/a MONEY
RECOVERY NATIONWIDE,
SHERMAN ACQUISITION GROUP, L.L.C.,
d/b/a LVNV FUNDING,
NATIONWIDE ENTERPRISE SYSTEMS, INC.,
d/b/a NATIONAL ENTERPRISE SYSTEMS,
and LOWES HOME CENTERS, INC.,

    Defendants.

_____/

Case No. 1:07-cv-328

Hon. Wendell A. Miles

## ORDER ON PLAINTIFFS' MOTION TO REINSTATE AS TO NATIONWIDE COLLECTION AGENCIES

Plaintiffs Rachel and Jason Smith filed this action against several defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, Michigan's Collection Practices Act, M.C.L. § 445.251 *et seq.*, and the Michigan Occupational Code, M.C.L. § 339.901 *et seq*. Plaintiffs' claims against all of the defendants have been dismissed, pursuant to either a motion by plaintiffs or stipulation of the parties (docket nos. 18, 31, 34). The matter is now again before the court on a motion by plaintiffs to reinstate their claims against Nationwide Collection Agencies ("Nationwide") (docket no. 36). In their motion, plaintiffs state that the stipulation that they filed agreeing to the dismissal of "remaining defendants" (docket no. 33) was the product of a "clerical mistake"

committed by an unidentified "business colleague" of plaintiffs' counsel.  According to plaintiffs, they never intended to dismiss their claims against Nationwide.  Nationwide has not filed a response to plaintiffs' motion to reinstate the claims against that defendant.

A court may relieve a party from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).  A motion under Rule 60(b)(1) motion is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000).  Here, plaintiffs contend that relief is warranted based upon the first circumstance because a clerical error or mistake by counsel resulted in the premature dismissal of Nationwide.

The court does not doubt that plaintiffs' stipulation to dismiss Nationwide was the result of a mistake.  What the court does question is whether the mistake was excusable.  It is noted that the alleged "mistake" was committed just one day before plaintiffs' counsel was to appear before the court for a show cause hearing, ordered after he failed to appear for a June 4, 2008 settlement conference.  The court therefore has concerns regarding whether the commission of a purported mistake by counsel in asking an unidentified "business colleague" to file a dismissal in this case represents an excusable aberration on the part of plaintiffs' counsel or instead a more regular occurrence.[1]  However, in view of the fact that Nationwide had not filed a written

---

[1] The Notice of Electronic Filing accompanying the Stipulated Order of Dismissal of Remaining Defendants with Prejudice (docket no. 33) indicates that it was electronically filed by plaintiffs' counsel Adam Alexander.  Because plaintiffs now assert that the document was filed not by Mr. Alexander but instead by a "business colleague" due to a "computer problem at the
(continued...)

opposition to the motion, the court chooses to give plaintiffs the benefit of the doubt and reinstate their claims against that defendant.

**IT IS THEREFORE ORDERED** that plaintiffs' motion is granted, and that the Order of Dismissal of Remaining Defendants, with Prejudice (docket no. 34) is vacated in part, to the extent that it dismisses claims against defendant Nationwide Collection Agencies.

So ordered this 11th day of August, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[1](...continued)
Alexander Law Firm," it is unclear whether the person who filed the document using Mr. Alexander's login name and password was employed by his firm. The court reminds Mr. Alexander of Local Rule 5.7(b)(ii), which provides, in part, that "[a] registered attorney may not knowingly cause or allow another person to file a document using the attorney's login name and password, except for members of the attorney's staff."